ROBERTO CASTELLÓN, Plaintiff and Appellee, *v.* CARMEN PADÍN AND JOAQUÍN PADÍN, Defendants and Appellants, and PRUDENCIO COLLAZO, Defendant.

No. 8292. Argued June 17, 1941.—Decided July 23, 1941.

*Abelardo Casanova Prats* for appellants. *Ortiz Toro & Ortiz Toro* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Roberto Castellón brought an action for damages in the District Court of San Juan against Carmen Padín, her husband Prudencio Collazo, and Joaquín Padín to recover the sum of $3,000, with interest thereon at the legal rate, costs, and attorney's fees, said damages arising from an attachment levied on certain properties belonging to him and located in Caguas, in a previous action decided in his favor and in which the defendants furnished a bond to answer for the said damages.

Codefendant Carmen Padín moved for a change of venue to the District Court of Humacao, on the ground that the alleged injury had occurred in Caguas, which is within said judicial district. The lower court denied the motion in a decision reading as follows:

"It is alleged in the complaint that the defendants executed a $3,000 bond which was filed in this court to answer for any damages that might be inflicted on the plaintiff by reason of an attachment levied on properties located in the district of Humacao, which damages were estimated at $3,000, and that said attachment had been

wrongly levied. It is therein prayed that the defendants be adjudged to pay $3,000, with interest thereon and costs.

"The defendants have filed motions for a change of venue, demurrers, and a motion to strike out.

"The change of venue is sought on the ground, as alleged by the defendants, that an action for damages is involved and, as shown in the complaint, the damages were inflicted in the district of Humacao.

"This is not an action for damages, but an action on a contract whereby the defendants bound themselves to pay a sum of money subject to two contingencies, to wit, that the attachment turned out to be erroneous, and that damages resulted therefrom. Defendant's obligation does not arise, therefore, by virtue of section 1803 of the Civil Code, or from any other statutory provision, but from a contract, and consequently the provisions of section 79 of the Code of Civil Procedure are inapplicable. But even if an action for damages were involved within the purview of said section, a change of venue would not be proper, either inasmuch as the district where the action must be tried is that in which the defendant carried out the act which caused the damages and not the one where the damages occurred. *Santos* v. *Porto Rican Express Co.*, 52 P.R.R. 554. In the case at bar it does not appear from the complaint that the defendants or either of them carried out any act in the district of Humacao.

"The demurrers are frivolous and do not deserve any discussion. As to the motion to strike out, no end would be served by sustaining such motion.

"For the reasons stated the motions for a change of venue and to strike out, and the demurrers are hereby overruled, and the defendants are allowed ten days for filing their answer."

In *Cintrón* v. *Ins. Ind. & Agr. Exp. Ass'n Inc.*, 58 P.R.R. 820, the previous doctrine was ratified to the effect that actions of this character, even though depending as to the amount upon the damages to be claimed from the sureties on the bond, are actions *ex delicto*, and it was said:

"The cause of action for damages . . . arose independently of the contract of bond. The latter was executed precisely to answer. . . for the damages which the wrongful action of the defendant. . . could cause him in attaching his property in the previous action and

therefore, the action arises from and is a consequence of the tort of said defendant and not from the contract of bond."

The first ground on which the lower court based its refusal of a change of venue was erroneous.

■ Now, Section 79 of the Code of Civil Procedure, as amended in 1935 (Session Laws, p. 174), reads in part as follows:

· "Action for the following causes must be tried in the district where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1. To obtain indemnity from an insurance company, when such indemnity arises from an insurance policy contract, or to recover damages under Sections 1803 and 1804 of the Civil Code, edition of 1902 (Sections 1802 and 1803, edition of 1930), or by virtue of any other precept of law, . . ."

The defendant in the case at bar did not move for a change of venue to Humacao on the ground that a personal action was involved and that she resided in the above district but relied on section 79, *supra*. As we have seen, the lower court stated as a second ground for its refusal that even in the case of an action for damages, within the purview of such section, a change of venue would not be proper, either, "inasmuch as the district where the action must be tried is that in which the defendant carried the act which caused the damages and not the one where the damages occurred," citing the case of *Santos* v. *Porto Rican Express Co., supra.*

The facts in the *Santos* case were stated to be as follows:

"Plaintiff, a dealer in firearms, doing business under the name Federal Sportcraft Co., alleged that the employees of the defendant in New York marked a certain shipment of revolvers and parts thereof as 'cotton goods' and that as a result of this misrepresentation, plaintiff was subjected to an investigation by Federal and Insular government agents and suffered serious loss in the business which he carried on in Añasco, within the judicial district of Mayagüez. Defendant, a corporation organized under the laws of New

York and doing business in Puerto Rico with its principal place of business in San Juan, moved for and obtained a change of venue.''

Citation was made of the general rule to the effect that—

''When a foreign corporation doing business in Porto Rico is sued in a judicial district other than the one where it has its head office it is entitled to a transfer of the action to the district in which its principal office is located. Arcelay v. American Railroad Co., 38 P.R.R. 723.''

And it was held that—

''In the instant case the cause of action arose in New York where the act which caused the damage was done, not in Añasco where the loss was sustained. (Citations.) . . . .''
''Hence, the case comes within the general rule, not within the exception.''

The facts which led to the conclusion reached in the Santos case are different from those of the case at bar. In the former case there was involved a foreign corporation which was sued in a district other than that where it had its principal office and the act which resulted in the damages was performed in New York, even though the loss was suffered in Añasco.

In the case at bar both the act causing the injury alleged and the losses suffered are expressly alleged in the complaint to have occurred in Caguas. An attachment was levied on a distillery located in that city, that is, the act which caused the injury, and it is alleged that as a result thereof the plaintiff suffered damages amounting to $3,000.

We are of opinion that, in accordance with Section 79 of the Code of Civil Procedure (see the extensive discussion of the scope thereof in the recent case of Usera v. Luce & Co., S. en C., 58 P.R.R. 291), the motion for a change of venue ought to have been granted.

The order appealed from is reversed and the change of venue to the District Court of Humacao is hereby ordered.